Filed 7/18/23  P. v. Agosta CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062425 |
| v. | (Super. Ct. No. 11CF1595) |
| JOHN RAND AGOSTA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

Defendant John Rand Agosta was convicted of murder and was sentenced to prison for 50 years to life. Agosta filed a petition for resentencing based on alleged mental health problems stemming from his military service. (See Pen. Code, § 1170.91, subd. (b).)[1] The trial court denied the petition. Agosta filed an appeal.

Appointed counsel filed an opening brief under the procedures outlined in *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Agosta filed a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230.) We will briefly address the issues Agosta raises in his supplemental brief, otherwise we affirm the order of the trial court.

I

FACTS AND PROCEDURAL BACKGROUND

In June 2013, a jury found Agosta guilty of murder and found true an allegation that he personally discharged a firearm causing death. The trial court sentenced Agosta to an aggregate term of 50 years to life.

In February 2023, Agosta filed a petition for resentencing based on alleged conditions due to his military service. (§ 1170.91, subd. (b).) The trial court denied the petition, noting "this matter has been litigated and denied previously."

In March 2023, Agosta filed a notice of appeal.

In May 2023, appointed counsel filed an opening brief raising no arguable issues. Counsel averred, "I have thoroughly reviewed the record in this case. A staff attorney at Appellate Defender, Inc. has also reviewed this case."

In June 2023, Agosta filed a supplemental brief on his own behalf.

_____

[1] Further undesignated statutory references are to the Penal Code.

2

II

DISCUSSION

When an appointed counsel identifies no arguable issues on appeal, an appellate court independently reviews the record. (*Wende*, *supra*, 25 Cal.3d at pp. 441–442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

If a defendant files his own supplemental brief, the "opinion must reflect the contentions and the reasons that they fail." (*People v. Kelly* (2006) 40 Cal.4th 106, 120.) However, a "decision does not require an extended discussion of legal principles. [Citations.] Moreover, a recitation of each of the defendant's assertions will not be necessary in all cases; the purposes of the constitutional requirement [for a written decision] may in some circumstances be satisfied by a summary description of the contentions made and the reasons they fail." (*Id.* at p. 121.)

We have conducted an independent review of the record and have found no arguable issues. Thus, we affirm the ruling of the trial court, which denied Agosta's petition for recall and resentencing. (See § 1170.91.)

In his supplemental brief, Agosta asserts he served in the military, that he has mental health problems stemming from his military service, and the trial court failed to take these conditions into account at the time of his sentencing. Agosta further seeks "conduct credits" of 882 days while in the Orange County jail.

Generally, a former or current member of the military who has been convicted of a felony may petition for resentencing alleging they suffer from a mental health condition related to their military service, and that condition "was not considered

3

as a factor in mitigation at the time of sentencing." (§ 1170.91, subd. (b)(1).) However, certain felony convictions ("super strikes") render a defendant statutorily ineligible for relief. (§ 1170.91, subd. (c).) Included among those felonies is: "Any homicide offense, including any attempted homicide offense . . . ." (§ 667, subd. (e)(2)(C)(iv)(IV).)

Agosta was convicted of murder, so he is ineligible for relief under the applicable statutes. (See §§ 667, subd. (e)(2)(C)(iv)(IV), 1170.91, subd. (c).)

As far as "conduct credits," these types of credits are generally based on the number of days a defendant spends in custody prior to sentencing as a reward for good behavior. (§ 4019.) "Conduct credits" are in addition to the number of days a defendant has spent in actual custody, or what is known as credit for time served. (See § 2900.5.) Defendants who are convicted of murder are not entitled to presentence conduct credits. (See § 2933.2.) However, just like all criminal defendants, defendants convicted of murder are entitled to credit for time served. (See § 2900.5.)

Here, the clerk's transcript in Agosta's case states: "Pursuant to Penal Code Section 2933.2 the defendant is not entitled to conduct credits. Credits are 882 actual + 0 conduct totalling 882 days." (Boldfacing omitted.) The amended abstract of judgment in Agosta's case also states that his credits for time served were calculated at 882 days.

Given Agosta's ineligibility for relief under section 1170.91, and the proper calculation of credits by the trial court at the time of sentencing, we find no arguable issues on appeal. (See *People v. Johnson*, *supra*, 123 Cal.App.3d at pp. 109–110.)

### III

### DISPOSITION

The order of the trial court is affirmed.


                                   MOORE, ACTING P. J.

WE CONCUR:



SANCHEZ, J.



MOTOIKE, J.